### UNITED STATES ex rel. CHECA v. WILLIAMS, Criminal Sheriff.

(Circuit Court of Appeals, Fifth Circuit. March 30, 1926. Rehearing Denied April 22, 1926.)

No. 4656.

Habeas corpus ⊸113(9)—Appeal from order discharging writ of habeas corpus, applied for on ground that requisition was defective and warrant issued thereon void, was not properly presented for review in Circuit Court of Appeals, where transcript did not contain requisition or warrant, so as to disclose what was before judge who made order.

Where transcript on appeal from order discharging writ of habeas corpus, applied for on ground that requisition of Governor of another state did not set out that affidavits accompanying it were authentic, and that warrant issued thereon was void, did not include the requisition or warrant, so as to disclose what was before judge who made order, ruling is not properly presented to Circuit Court of Appeals for review.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Application by the United States, on the relation of Julio E. Roman Checa, for writ of habeas corpus against George E. Williams, Criminal Sheriff, Parish of Orleans,

La. From an order dismissing the writ, relator appeals. Affirmed.

W. J. Waguespack, Herbert W. Waguespack, and James E. Donovan, all of New Orleans, La., for appellant.

Henry Mooney and Richard A. Dowling, both of New Orleans, La., for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. This is an appeal from an order discharging a writ of habeas corpus issued pursuant to the prayer of a petition which challenged the validity of appellant's detention by the criminal sheriff of Orleans parish, La., under a warrant issued by the Governor of Louisiana in compliance with a requisition of the Governor of California. The transcript contains a bill of exception, signed by the presiding judge, which states:

"Respondent made return to the writ of habeas corpus prayed for, and produced, offered, and filed in evidence the requisition of the Governor of the state of California upon the government of the state of Louisiana for the return to the state of California of the relator, the affidavits, indictments, and all proceedings upon which said requisition was made, the warrant of the Governor of the state of Louisiana, and testimony tending to prove that relator was the identical person named therein. Counsel moved for the discharge of relator on the ground that the requisition of the Governor of the state of California did not recite or set out that the affidavits accompanying same were authentic and authenticated as required by the laws and Constitution of the United States, and that the warrant of the state of Louisiana was illegally issued and void. Court overruled said motion. Counsel for relator excepted, and reserved this his bill, making the requisition of the Governor of the state of California and all accompanying papers and the warrant of the Governor of Louisiana, a part of this his bill of exceptions."

[1, 2] The transcript contains documentary evidence and oral testimony, but that evidence is not authenticated in any way. It does not include a requisition of the Governor of California, or a warrant of the Governor of the state of Louisiana. It is apparent from the bill of exceptions that the record before us does not disclose what was before the judge who made the order complained of. In the absence of a disclosure of the contents of the documents with reference to which the ruling excepted to was made, that ruling is not properly presented for review.

From the record before us it does not appear that error was committed in discharging the writ.

The order to that effect is affirmed.